# ORIGINAL

1  robertquidachayjoint2

2  LEONARDO M. RAPADAS
   United States Attorney
3  ROSETTA L. SAN NICOLAS
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagåtña, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

SEP - 8 2006 nba

**MARY L.M. MORAN**
**CLERK OF COURT**

8

9           **IN THE UNITED STATES DISTRICT COURT**

10              **FOR THE DISTRICT OF GUAM**

11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. <u>06-00032</u> |
| Plaintiff, ) | |
| ) | **GOVERNMENT'S MOTION** |
| ) | **FOR JOINDER OF DEFENDANTS** |
| ) | **FOR JOINT TRIAL; MEMORANDUM** |
| vs. ) | **OF POINTS AND AUTHORITIES** |
| ) | |
| ROBERT DUENAS QUIDACHAY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

19          COMES NOW the United States, and respectfully requests and moves this Honorable

20  Court for a Joinder of Defendants pursuant to Federal Rules of Criminal Procedure Rule 8(b) and

21  Rule 13.

22          **MEMORANDUM OF POINTS AND AUTHORITIES**

23          The Government seeks the joinder of defendant Robert Duenas Quidachay's case

24  (Criminal Case Number 06-00032) with defendants Judith A.F. Mateo and Jacob R.F. Mateo

25  (Criminal Case Number 06-00033) because they participated in the same act or transaction or

26  same series of acts or transactions constituting the offenses.

27          The Federal Rules of Criminal Procedure Rule 8(b) permits joinder of offenses or

28  defendants. Rule 8(b) states as follows:

**Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 13 similarly permits joint trials of separate cases. Rule 13 states as follows:

(b) **Joint Trial of Separate Cases**. The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

In <u>Zafiro v. U.S.</u>, 506 U.S. 534, 538, 113 S. Ct. 933 (1993), the United States Supreme Court noted that "'Rule 8(b) states that "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses.' There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' <u>Richardson v. Marsh</u>, 481 U.S. 200, 209, 107 S. Ct. 1702, 1708, 95 L. Ed. 176 (1987). They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts.' Id., at 210, 107 S. Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. See <u>ibid.</u>, <u>Opper v. United States</u>, 348 U.S. 84, 95, 75 S. Ct. 158, 165, 99 L. Ed. 101 (1954); <u>United States v. Marchant</u>, 12 Wheat. 480, 6 L. Ed. 700 (1827); cf. 1 C. Wright, Federal Practice and Procedure §223 (2d ed. 1982)."

In applying this standard, we look to the phrase "same series of acts or transactions constituting an offense or offenses." The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions. <u>U.S. v. Vasquez-Velasco</u>, 15 F.3d 833, 844 (9th Cir., 1994). "A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy." <u>U.S. v. Vasquez-Velasco</u>, 15 F.3d 833, 844 citing <u>Felix-Gutierrez</u>, 940 F.2d at 1208; <u>Ford</u>, 632 F.2d at 1372. Rule 8(b) is construed broadly in favor of initial joinder. <u>Ford</u>, 632 F.2d at 1373. The goal of "maximum trial convenience consistent with minimum prejudice" is best served by permitting initial joinder

-2-

1 of charges against multiple defendants whenever the common activity constitutes a substantial
2 portion of the proof of the joined charges." Ford, 632 F.2d at 1372 (quoting United States v.
3 Roselli, 432 F.2d 879, 899 (9th Cir., 1970), cert. denied, 401 U.S. 924, 91 S. Ct. 883, 27 L. Ed. 2d
4 828 (1971) and 8 Moore's Federal Practice 8.06[2] at 8-36.

5      Joinder of defendant Robert Duenas Quidachay's indictment with the Mateo defendants
6 in Criminal Case Number 06-00033 would meet the goal of attaining maximum trial
7 convenience. There is a logical relationship between defendant Robert Duenas Quidachay's case
8 and the Mateos' case. Both defendants Robert Duenas Quidachay and Judith A.F. Mateo were in
9 one vehicle, a Mazda RX8 at 2:30 a.m. on the highways of Guam on August 17, 2006.
10 Defendant Robert Duenas Quidachay, the driver of the vehicle and Judith A.F. Mateo were
11 pulled over for a traffic violation. Defendant Quidachay was patted down and Guam Police
12 Officers located methamphetamine in his pocket. Defendant Mateo was also patted down and
13 methamphetamine was located in her pocket. Methamphetamine packaged in straws, drug
14 scales, and $6,004.00 in U.S. Currency were found in the car. Defendant Quidachay then
15 admitted that he was with Judith A.F. Mateo during the sale of methamphetamine. Subsequent
16 to the traffic pullover, defendant Judith A.F. Mateo's home was searched. Defendant Jacob
17 Mateo arrived at the residence and was in possession of methamphetamine. Defendant Jacob
18 Mateo admitted that Judith Mateo was trafficking in drugs.

19      There is a logical relationship between the occurrences. "Such a logical relationship may
20 be shown by the existence of a common plan, scheme, or conspiracy." United States v. Ford, 632
21 F.2d 1354, 1371-2 (9th Cir., 1980). A logical relationship may also be shown if the "common
22 activity constitutes a substantial portion of the proof of the joined charges." Vasquez-Velasco,
23 15 F.3d at 844. The common activity between Robert Duenas Quidachay and the Mateo
24 defendants constitutes a substantial portion of the proof of the charges. The facts to be proven
25 against Robert Duenas Quidachay are essentially the same as those to be proven against Judith
26 A.F. Mateo, the charges involve overlapping evidence. There are meaningful connections

27
28                                        -3-

between the counts of conspiracy and each defendant. This supports joinder of the charges pursuant to Rule 8(b) of the Rules of Criminal Procedure. Defendants in these cases would suffer little to no prejudice. Indeed, limiting instructions can be provided which suffice to cure any risk of substantial prejudice. "We have repeatedly held that a district court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial." Zafiro v. United States, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993).

## CONCLUSION

The joinder of the trial for defendant Robert Duenas Quidachay with the Mateo defendants will promote the interests of judicial economy, will promote efficiency, and will avoid multiplicity of trials. The facts to be proven against these defendants are overlapping facts and there is a common activity of conspiracy to distribute methamphetamine. The objectives of attaining judicial economy and avoiding multiplicity of trials can be achieved without substantial prejudice to the rights of each of the defendants.

Respectfully submitted this 8th day of September, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney

-4-