William L. Gavras, Esq.
LAW OFFICES OF GORMAN 7 GAVRAS
A Professional Corporation
2nd Floor, J & R Building
208 Route 4
Hagatna, Guam 96910
Telephone: 472-2302
Facsimile: 472-2342

Attorneys for Defendant



**FILED**
DISTRICT COURT OF GUAM
OCT - 4 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT

OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 06-00032 |
| Plaintiff, | ) | |
| vs. | ) | OPPOSITION TO MOTION FOR JOINDER |
| ROBERT DUENAS QUIDACHAY | ) | |
| Defendant. | ) | |

The Government claims that joining for trial Defendant Quidachay together with Defendants Judith A.F. Mateo and Jacob Mateo, charged in 06-00033, is justified because there is a logical relationship between the acts allegedly perpetrated by Defendant Quidachay and the acts perpetrated by the Mateos.

The facts stated by the Government as a basis of this "logical relationship" are:

1. "Both defendants Robert Duenas Quidachay and Judith A.F. Mateo were in one vehicle, a Mazda RX8 at 2:30 a.m. on the highways of Guam on August 17, 2006. Defendant Robert Duenas Quidachay, the driver of the vehicle and Judith A.F. Mateo were pulled over for a traffic violation. Defendant Quidachay was patted down and Guam Police Officers located methamphetamine in his pocket. Defendant Mateo was also patted down and methamphetamine was located in her pocket. Methamphetamine packaged in straws, drug scales, and $6,004.00 in U.S. Currency were found in the car. Defendant Quidachay then admitted that he was with Judith A.F. Mateo during the sale of methamphetamine."

2. "Subsequent to the traffic pullover, defendant Judith A.F. Mateo's home was searched. Defendant Jacob Mateo arrived at the residence and was in

United States of America v. Robert D. Quidachay
Opposition to Motion for Joinder
October 2006

possession of methamphetamine. Defendant Jacob Mateo admitted that Judith Mateo was trafficking in drugs."

On these asserted facts, there certainly exists a logical relationship between Defendant Quidachay and Defendant Judith Mateo. However on September 22, 2006 Judith Mateo pleaded guilty and will not being going to trial.

The question then arises as to the logical relationship between Defendant Quidachay and Defendant Jacob Mateo. The only logical relationship between the two is that they both have been in possession of drugs and that they have both been in the presence of Defendant Judith Mateo. The indictment in the instant cases mentions nothing about Jacob Mateo. The indictment in 06-00033 does not mention Defendant Quidachay. The Government has the burden to show that joinder is proper. United States v. Schardar, 850 F.2d 1457, 1463 (11th Cir. 1988); United States v. Denmark, WL 2755987 pg 2 (M.D. Fla 2005). Clearly the Government has failed to meet its burden. See, U.S. v. Cortinas, 142 F.3d 242, 248-49 (5th Cir. 1998) (joinder of defendants improper because they were not associated with codefendants' criminal organization); U.S. v. Sarkisian, 197 F. 3d 966, 976 (9th Cir. 1999) (district court erred in joining counts because counts did not "naturally flow" from one another, counts did not fall into category of one big conspiracy, and there was no substantial overlap in evidence); U.S. v. Castro, 829 F.2d 1038, 1045 (11th Cir. 1978) (joinder of defendant improper during trial involving 2 conspiracies when underlying facts were not closely connected because government failed to provide any evidence that defendant knew or should have known of second conspiracy).

LAW OFFICES OF GORMAN & GAVRAS

Dated: 10-4-06

By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Defendant
ROBERT D. QUIDACHAY

United States of America v. Robert D. Quidachay
Opposition to Motion for Joinder
October 2006

## CERTIFICATE OF SERVICE

I certify that I have caused to be served upon the Office of the United States Attorney, a true and correct copy of this document on or before October 4, 2006.

LAW OFFICES OF GORMAN & GAVRAS

Date: 10-4-06

By: _____
WILLIAM L. GAVRAS, ESQ.
Attorneys for Defendant
ROBERT DUENAS QUIDACHAY