ORIGINAL

robertquidachayreply

LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
OCT 11 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ROBERT DUENAS QUIDACHAY, ) <br> ) <br> Defendant. ) <br> _____ ) | CRIMINAL CASE NO. 06-00032 <br><br> GOVERNMENT'S REPLY <br> TO OPPOSITION TO MOTION <br> FOR JOINDER; MEMORANDUM <br> OF POINTS AND AUTHORITIES |

COMES NOW the United States, and replies to defendant Quidachay's Opposition to Motion for Joinder requested by the Government pursuant to Federal Rules of Criminal Procedure Rule 8(b) and Rule 13.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Government seeks the joinder of defendant Robert Duenas Quidachay's case (Criminal Case Number 06-00032) with defendant Jacob R.F. Mateo (Criminal Case Number 06-00033) because they participated in the same act or transaction or same series of acts or transactions constituting the offenses. There is a logical relationship between Robert Duenas Quidachay's case and Jacob Mateo's case. Defendant Jacob Mateo, Robert Quidachay and Judith Mateo have been charged with conspiracy to distribute methamphetamine. The conspiracy manifested itself in this manner: methamphetamine was sold out of the Mateo residence by Jacob Mateo and Judith Mateo. Robert Quidachay acted is a "bodyguard" to protect

the product and accompany Judith Mateo during the sales of methamphetamine. Although one of the co-conspirators (defendant Judith Mateo) has pled guilty, this has not ended the "logical relationship" between the remaining co-conspirators Robert Quidachay and Jacob Mateo. The logical relationship exists because both of these co-conspirators possessed methamphetamine on the same date and the methamphetamine was packaged and distributed out of the Mateo residence. Indeed, it is more than a mere coincidence that both defendants have socialized with Judith Mateo while simultaneously possessing methamphetamine. Indeed, the evidence will show the existence of the conspiracy - that drugs were sold from the home, that Judith Mateo used proceeds from the sale of methamphetamine to purchase a vehicle for Jacob Mateo, that Judith Mateo used the proceeds to purchase a car for herself and Robert Quidachay. The fact that Judith Mateo has voluntarily pled guilty does not extinguish the relationship between Jacob Mateo and Robert Quidachay.

Joinder is permitted and encouraged in the interest of avoiding multiple trials. The Federal Rules of Criminal Procedure Rule 8(b) permits joinder of offenses or defendants. Rule 8(b) states as follows:

> **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the **same act or transaction, or in the same series of acts or transactions**, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Rule 13 similarly permits joint trials of separate cases. Rule 13 states as follows:

> (b) **Joint Trial of Separate Cases**. The court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information.

In Zafiro v. U.S., 506 U.S. 534, 538, 113 S. Ct. 933 (1993), the United States Supreme Court noted that "'Rule 8(b) states that "two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses.'" There is a preference

-2-

in the federal system for joint trials of defendants who are indicted together. Joint trials 'play a vital role in the criminal justice system.' Richardson v. Marsh, 481 U.S. 200, 209, 107 S. Ct. 1702, 1708, 95 L. Ed. 176 (1987). They promote efficiency and 'serve the interests of justice by avoiding the scandal and inequality of inconsistent verdicts.' Id., at 210, 107 S. Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. See ibid., Opper v. United States, 348 U.S. 84, 95, 75 S. Ct. 158, 165, 99 L. Ed. 101 (1954); United States v. Marchant, 12 Wheat. 480, 6 L. Ed. 700 (1827); cf. 1 C. Wright, Federal Practice and Procedure §223 (2d ed. 1982)."

In applying this standard, we look to the phrase "same series of acts or transactions constituting an offense or offenses." The term "transaction" is interpreted flexibly, and whether a "series" exists depends on whether there is a "logical relationship" between the transactions. U.S. v. Vasquez-Velasco, 15 F.3d 833, 844 (9th Cir., 1994). "A logical relationship is typically shown "by the existence of a common plan, scheme, or conspiracy." U.S. v. Vasquez-Velasco, 15 F.3d 833, 844 citing Felix-Gutierrez, 940 F.2d at 1208; Ford, 632 F.2d at 1372. Rule 8(b) is construed broadly in favor of initial joinder. Ford, 632 F.2d at 1373. The goal of "maximum trial convenience consistent with minimum prejudice" is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges." Ford, 632 F.2d at 1372 (quoting United States v. Roselli, 432 F.2d 879, 899 (9th Cir., 1970), cert. denied, 401 U.S. 924, 91 S. Ct. 883, 27 L. Ed. 2d 828 (1971) and 8 Moore's Federal Practice 8.06[2] at 8-36.

Joinder of defendant Robert Duenas Quidachay's trial with Jacob Mateo's trial in Criminal Case Number 06-00033 would meet the goal of attaining maximum trial convenience, and would save scarce judicial resources. The facts to be proven against Robert Duenas Quidachay are essentially the same as those to be proven against Jacob Mateo. The charges involve overlapping evidence and meaningful connections between the counts of conspiracy and each defendant.

-3-

Case 1:06-cr-00032   Document 17   Filed 10/11/2006   Page 3 of 4

## CONCLUSION

The joinder of the trial for defendant Robert Duenas Quidachay with Jacob Mateo's trial will promote the interests of judicial economy, will promote efficiency, and will avoid multiplicity of trials. The facts to be proven against these defendants are overlapping facts. There is a common activity of conspiracy to distribute methamphetamine. The objectives of attaining judicial economy and avoiding the multiplicity of trials can be achieved without substantial prejudice to the rights of each of the defendants.

Respectfully submitted this 11th day of October, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Rosetta L. San Nicolas
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney